IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CEURIC, Individually and behalf of all others similarly situated } } } | Docket No. 2:17-cv-01240 |
| Plaintiff, } } | Judge Robert Mitchell |
| v. } } } | |
| TIER ONE, LLC<br>D/B/A TIER 1 RENTAL<br>AND DISTRIBUTION } } } } | |
| Defendant. } | |

## BRIEF IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT

Defendant Tier One, LLC ("Tier One") has moved for summary judgment on Plaintiff's class action claim under the New Mexico Minimum Wage Act, NMSA § 50-4-20, because the putative class is not sufficiently numerous, in that the Complaint does not allege that more than one employee performed work for Tier One in New Mexico, and the Declaration of Frank Catroppa establishes that there are no Tier One employees who have worked for Tier One in New Mexico. Defendant has also moved for summary judgment on Plaintiff's individual claim under the New Mexico Minimum Wage Act because he never provided services in that state for Tier One.

### I.   STATEMENT OF THE CASE

This is an action for back pay and liquidated damages for overtime worked but allegedly not paid at a premium rate as required by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the New Mexico Minimum Wage Act, NMSA § 50-4-22. Plaintiff was employed by Tier One as a Solids Control Technician. Complaint ¶¶ 1, 2. Plaintiff alleges that he was required to work substantial overtime without being paid at a time and one-half rate of pay. *Id*. ¶ 3. Instead, he

alleges that he, and the putative class of Solids Control Technicians he seeks to represent, were paid a day rate regardless of how many hours were worked, and that he and the class members were classified as independent contractors. *Id*. ¶¶ 5, 11, 22.

It is alleged that Plaintiff worked for Tier One in New Mexico. Complaint ¶ 21. That allegation is contradicted by the Declaration of Frank Catroppa, which states that Tier One's human resources business records show that no Solids Controls Technicians have worked for Tier One in New Mexico. Catroppa Decl. ¶3. There is no allegation in the Complaint that any other putative class member worked in New Mexico and it is not alleged that any of the Solids Control Technicians live in New Mexico.[1]

Tier One has filed an Answer to the Complaint and the parties have filed a Rule 26 (f) Report preparatory to the Case Management Conference which is set for January 9, 2018 at 9:30 a.m.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 56 (a) provides that a party may move for summary judgment as to a claim or a part of a claim, and that such a motion may be filed "at any time until 30 days after the close of all discovery." *Id.* The motion shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* When a fact is necessary to support an element of the claim and the movant alleges that the party with the burden of proof cannot offer probative evidence of that fact, summary judgment is warranted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

---

[1] Plaintiff's substantive claims under the FLSA and the NMMWA are combined in one count, as are the class action allegations.

### III.     ARGUMENT

*1.     Summary Judgment is Appropriate as to Plaintiff's Class Action Allegations*

Rule 23 (a) of the Rules of Federal Procedure sets forth four prerequisites for maintaining a class action, one of which is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a)(1). Each of the four prerequisites must be satisfied to maintain a class action. *In re Hydrogen Peroxide*, 552 F.3d 305, 310 (3d Cir. 2008); *Mielo v. Steak 'n Shake Operations, Inc.*, 2017 WL 1519544 at *4 (W.D. Pa. April 27, 2017). It follows that, if the Plaintiff cannot show that there is evidence to satisfy the element of numerosity, then the class action cannot be maintained and summary judgment must be granted.

While there is no minimum number of putative plaintiffs that will satisfy the numerosity requirement of Rule 23 (a), the Court of Appeals has counseled that 40 individuals will usually satisfy that element. *Stewart v. Abraham,* 275 F.3d 220, 226-27 (3d Cir. 2001). *Accord, Glover v. Udren*, 2013 WL 6237990 at *9 (W.D. Pa. Dec. 3, 2013). Most courts considering the issue have accepted as a rule of thumb that 40 persons is usually numerous enough and 20 persons is not enough. *Cox v. American Cast Iron Pipe Co.*, 784 F. 2d 1546, 1553 (11th Cir. 1986). *Evans v. Evans,* 818 F. Supp. 1215, 1219 (N.D. Ind. 1993); *Chandler v. Southwest Jeep Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995); *Caroline C. by and through Carter v. Johnson*, 174 F.R. D. 452, 463 (D. Neb 1996). *See* 5 Moore's Federal Practice § 23.22[3][a] (Matthew Bender 3d ed. 2017).

In the present case, Plaintiff has not even alleged that there is more than one employee who works in New Mexico. Moreover, the Declaration filed by Tier One establishes that there are *no* Tier One Solids Control Technicians who have worked in the State of New Mexico.

Tier One will not oppose providing counsel for Plaintiff with business records showing the states of residence and employment of the Solids Control Technicians which it has employed at a day rate. Tier One notes, however, that Fed. R. Civ. P. 11 (b) requires that the factual contentions in a pleading have "evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." It is unlikely that Plaintiff can provide the Court with any facts to show a "likelihood" that there are a class of employees of Tier One who have provided services in New Mexico.

The Court should grant this Motion after allowing Plaintiff, if requested, a limited time to obtain discovery as to the number of Solids Controls Technicians or Operators who have worked in New Mexico, provided that there are adequate protections against Plaintiff using this discovery to communicate with potential FLSA collective action members to solicit opt ins outside of the court-approved communications.

*2.     Summary Judgment is Appropriate as to Plaintiff's Claim under the NMMWA*

Plaintiff has asserted a claim for overtime wages under the New Mexico Minimum Wage Act. Although that statute does not expressly limit its reach to employees who work in New Mexico, due process limits the reach of state employment laws to persons having sufficient contacts with the state to satisfy due process. *McCluney v. Joseph Schlitz Brewing Co*., 649 F.2d 578 (8th Cir. 1981). *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308-09 (1981*); Clay v. Sun Ins. Office, Ltd*., 377 U.S. 179, 180-181, 84 S.Ct. 1197, 1198, 12 L.Ed.2d 229 (1964); *Home Insurance Co. v. Dick*, 281 U.S. 397, 407-410, 50 S.Ct. 338, 341-312, 74 L.Ed. 926 (1930).

The Plaintiff has the burden of proving that the New Mexico law applies to him, by showing that there is at least an issue of fact as to whether he provided services for Tier One in the state of New Mexico. According to the business records of Tier One, neither Plaintiff nor

4

any other Technician worked in New Mexico.  Unless Plaintiff can proffer such evidence, Tier One is entitled to summary judgment on the Plaintiff's individual claim under the New Mexico Minimum Wage Law.

### IV.     CONCLUSION

For the reasons, and based upon the authorities, reviewed above, Defendant Tier One is entitled to summary judgment dismissing the class action allegations under the New Mexico Minimum Wage Act, and Plaintiff's individual claim under that Act.

                                                  Respectfully submitted,

                                                  s/John J. Myers
                                        Daniel McLane (PA ID No. 77019)
                                        John J. Myers (PA ID No. 23596)
                                        Eckert Seamans Cherin & Mellott LLC
                                        44th Floor, 600 Grant Street
                                        Pittsburgh, PA 15219
                                        412-566-6000

**Certificate of Service**

I hereby certify that on this the 5th day of January, 2018, I served by United States Mail and electronically through the Court's EMS system a true copy of the foregoing on the following counsel of record for the Plaintiff, addressed as follows:

Joshua P. Geist, Esq.
Goodrich & Geist, P.C.
3624 California Ave.
Pittsburgh, PA 15212
josh@goodrichandgeist.com

Andrew W. Dunlap
Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, TX 77046
adunlap@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

                                                        s/John J. Myers
                                                     John J. Myers