UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH, DIVISION

MICHAEL CEURIC, Individually and
on behalf of others similarly situated

   Plaintiff,

v.               Case No.: 2:17-cv-01240-RCM

TIER ONE, LLC
D/B/A TIER 1 RENTAL
AND DISTRIBUTION,

   Defendant.

### DEFENDANT TIER ONE, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO APPROVE NOTICE METHODS

#### I. INTRODUCTION

Plaintiff has asked the Court to authorize notice of the lawsuit and invitation to opt in by mail, e-mail, follow-up telephone calls and a reminder mailing, asserting that the transient nature of the Solids Control Operators' work requires such a combination of communications. Defendant Tier One, LLC ("Tier One") acknowledges that the transient nature of the workers needs to be accommodated in selecting an appropriate method of notifying potential opt ins. However, as explained below, the Court has a duty to supervise communications with potential opt-ins who are neither parties to the case nor clients of the Plaintiff's law firm, and this duty cannot be fulfilled if Plaintiff's counsel is permitted to engage in unsupervised and unrestricted communications with the putative collective action members. Having in mind that the objective is to notify the workers of the lawsuit, not to persuade them to opt in or not to opt in, Tier One proposes that the notice be given by U.S. Mail and e-mail, with restrictions on follow-up e-mail communications by counsel so as to preserve Court supervision of communications with the recipients of the notice.

## II. ARGUMENT

In *Kuznyetsov v. West Penn Allegheny Health System, Inc.*, 2009 WL 1515175 (June 1, 2009) then Chief Judge Ambrose decided the very issue presented in Plaintiff's Motion as follows:

> First, I find that first-class mail is appropriate as the sole form of notice.
>
> In contrast [to first-class mail], electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process. In addition, email messages could be forwarded to nonclass members and posted to internet sites with great ease. First class mail ensures, at the outset, that the appropriately targeted audience received the intended notification and maximizes the integrity of the notice process.

*Id.* at *17.

Chief Judge Ambrose's recognition that the objective of getting notice of the lawsuit to the potential opt-ins must be balanced with the Court's duty to curtail unsupervised communications adheres to the directive of the United States Supreme Court that authorized court-assisted notice, but only under the supervision of the district court. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 172 (1989) ("We have recognized that a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties ... By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." [citations omitted])

Logically, there would be little point in spending the time to develop a court-approved notice if the plaintiff or his attorneys were free to take the compelled contact information and use that to engage in unsupervised dialogues with workers who have not opted in and are not their

2

clients.[1] *See Kuznyetsov v. West Penn Allegheny Health System, Inc., supra,* at * 17 ("I further order Plaintiffs' counsel to immediately cease and desist any form of notification not pre-approved by the court."). Similarly, in *Bouder v. Prudential Financial, Inc.,* 2007 WL 3396303 (D.N.J. Nov. 8, 2007), the Court enjoined plaintiff's counsel from sending a letter to potential opt-ins, reasoning:

> Plaintiffs' counsel's proposed letter ("Letter") usurps this Court's power and statutory duty to oversee the FLSA-mandated process for court-facilitated notice to potential collective action members, including the fair content of such notice. More fundamentally, it preempts this Court's ability to determine whether and to whom class-wide notice is appropriate. *See Hoffmann-La Roche, Inc.,* 493 U.S. at 169. With this mass communication, Plaintiffs are flouting the statutory framework for opt-in collective actions, the Scheduling Order and this Court's authority to oversee notice to the putative class. Therefore, the letter is essentially an improper and unauthorized *de facto* notice.

*Id.* at *2.

The district court in *Ruggles v. Wellpoint, Inc.,* 591 F. Supp. 2d 150, 164 (N.D.N.Y. 2008), in limiting the communications by plaintiffs' counsel during the opt-in period, similarly reasoned as follows:

> Yet, to bring order and efficiency to the notice process, the court-controlled mechanism should trump any attorney driven notice and resolve any post-conditional certification notice in favor of the Court's controlled process. Failure to limit notification to a single process would be dissonant with the intent of the FLSA statute that the Court play a significant role in prescribing the terms and conditions of communications from the named plaintiffs to the potential members of the class on whose behalf the collective action was commenced.

591 F. Supp. 2d at 164.

---

[1] Tier One does not question the ethics of counsel for Plaintiff, who presumably want to maximize the number of opt ins. However, the objective of the court-supervised notice procedure is to maximize notice of the lawsuit, not to maximize the number of opt ins.

3

Given the unique circumstances of so-called "oilfield workers," Tier One concedes that mail notice alone may not be sufficient, and that counsel should be permitted to email the notice to the putative collective action members.[2] However, given the dangers of the potential for losing control of communications when e-mail is used to send the notice, as raised by Chief Judge Ambrose, the Order on the method of notice should provide that neither Plaintiff nor counsel for Plaintiff may reply to any emails from potential opt-ins and that no telephone communications be permitted unless and until the opt-in period is closed.[3] The Notice itself should so inform the recipients, so that they know not to expect reply e-mails or telephone communications.

If both a postal mailing and an e-mail are returned to counsel, Tier One would not object to a telephone communication which is limited to obtaining an address to which the Court-approved notice is to be sent.

Tier One acknowledges that one can find instances where Courts have not been as protective of their duty to assure that only court-approved notices are to be used to invite participation in the lawsuit. Tier One respectfully submits however that such decisions are not faithful to the Supreme Court's directive and should not be followed.

Finally, Tier One objects to sending a second round of notices, except to individuals whom Plaintiff can show did not receive the first notice. When a worker has received the Notice and instructions on how to opt in the first time, the objective of the procedure has been made. The individual will have already received two notices, one by mail and one by email. Sending out a reminder notice goes beyond information and becomes inducement.

---

[2] Tier One notes that the transient nature of the job also results in these workers living and working in close-knit groups, which obviously facilitates word-of-mouth communications.

[3] Plaintiff will have every opportunity to conduct discovery and investigative interviews, if necessary, after the opt in period has closed, if there is a contest over final certification.

### III. CONCLUSION

For the reasons and based upon the authorities above, Tier One respectfully requests the Court to direct that the Court-approved Notice form be mailed and e-mailed to the putative collective-action members, with a prohibition of other communications by Plaintiff and his counsel during the opt-in period.

Dated: January 24, 2018                    Respectfully submitted,

/s/ John J. Myers
Daniel B. McLane (Pa. I.D. No. 77019)
Joel L. Lennen (Pa. I.D. No. 44615)
John J. Myers (Pa. I.D. No. 23596)
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
(412) 566-6000 (telephone)
(412) 566-6099 (facsimile)
dmclane@eckertseamans.com
jlennen@eckertseamans.com
jmyers@eckertseamans.com

*Counsel for Defendant, Tier One, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of January, 2018, I served electronically through the Court's EMS system a true copy of the foregoing DEFENDANT TIER ONE, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO APPROVE NOTICE METHODS on the following counsel of record for the Plaintiff:

>Joshua P. Geist, Esq.
>Goodrich & Geist, P.C.
>3624 California Ave.
>Pittsburgh, PA 15212
>
>Andrew W. Dunlap
>Josephson Dunlap Law Firm
>11 Greenway Plaza, Suite 3050
>Houston, TX 77046

>*/s/ John J. Myers*
>John J. Myers