IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CEURIC, individually and on behalf of all others similarly situated,<br>            Plaintiff,<br><br>    vs<br><br>TIER ONE, LLC, d/b/a TIER 1 RENTAL AND DISTRIBUTION,<br>            Defendant. | Civil Action No. 17-1240 |

MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Ceuric, brings this collective action under the Fair Labor Standards Act 29 U.S.C. §§ 201-19 (FLSA), seeking to recover unpaid overtime wages and other damages, against Defendant, Tier One, LLC d/b/a Tier 1 Rental and Distribution (Tier One). The parties have agreed to conditional collective action certification, but disagree as to the form of notice and the notice documents.

Presently submitted for disposition are two motions, filed by Plaintiff: a motion to approve notice methods (ECF No. 16) and a motion to approve notice documents (ECF No. 24). However, on January 31, 2018, Plaintiffs filed an unopposed motion to approve notice documents (ECF No. 30), in which the only matter of disagreement between the parties is whether the notice can inform potential class members that, if they have questions, they may contact Plaintiff's counsel. For the reasons that follow, the motion to approve notice methods will be granted in part in that notice may be sent by mail and email, but not by telephone, the first motion to approve notice documents will be dismissed and the second unopposed motion to approve notice documents will be granted, adopting Plaintiff's version providing that potential class members may contact Plaintiff's counsel if they have questions.

Defendant cites to cases in which courts disapproved of the plaintiff's counsel acting

without authority, such as sending out letters without court approval. See Kuznyetsov v. West Penn Allegheny Health Sys., 2009 WL 1515175, at *17 (W.D. Pa. June 1, 2009); Bouler v. Prudential Fin., Inc., 2007 WL 3396303, at *2 (D.N.J. Nov. 8, 2007). In this case, Plaintiff is seeking Court approval for the notice. The cases do not hold, as Defendant contends, that a plaintiff's counsel is barred from providing a phone number and answering questions posed by potential class members.

Plaintiff has cited to cases which specifically noted that potential class members could call counsel with questions. See Mott v. Driveline Retail Merch., Inc., 23 F. Supp. 3d 483, 493 (E.D. Pa. 2014); Robles v. Vornado Realty Trust, 2015 WL 5012597, at *5 (D.N.J. Aug. 21, 2015). He has also supplied examples from other cases in this Court in which the notice provided class counsel's contact information. See ECF No. 24 Exs. F, G, H, I (sample notice documents approved by Judges Schwab, Lenihan, and Eddy).

Plaintiff also requests leave to make follow-up phone calls to former Tier One employees and individuals whose notices are returned as undeliverable. The Court does not perceive these measures to be necessary and they present the risk of venturing into the area of solicitation, rather than notice. Therefore, in this respect, the motion to approve notice methods will be denied.

Therefore, the notice documents submitted by Plaintiff (ECF No. 30 Ex. A) will be accepted and the motion to approve notice methods (ECF No. 16) will be granted except insofar as it seeks leave to contact potential class members by telephone.

AND NOW, this 1st day of February, 2018,

IT IS HEREBY ORDERED that Plaintiff's motion to approve notice methods (ECF No. 16) is granted in part to allow notice by mail and email and denied insofar as it seeks to allow

plaintiff's counsel to engage in follow-up telephone calls.

IT IS FURTHER ORDERED that Plaintiff's motion to approve notice documents (ECF No. 24) is dismissed.

IT IS FURTHER ORDERED that Plaintiff's unopposed motion to approve notice documents (ECF No. 30) is granted, as modified to allow potential class members to contact Plaintiff's counsel if they have questions.

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge