IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL CEURIC, individually and on behalf of all others similarly situated,<br>                Plaintiff,<br><br>    vs<br><br>TIER ONE, LLC, d/b/a TIER 1 RENTAL AND DISTRIBUTION,<br>                Defendant. | Civil Action No. 17-1240 |

O R D E R

Plaintiff, Michael Ceuric, has filed a Motion to Compel Subpoena Responses and Documents from BOS Solutions, Inc. (BOS) (ECF No. 74). Plaintiff contends that BOS, a non-party to this case, has information relevant to the pay practices of the Defendant, Tier One, LLC, as demonstrated by Tier One's responses to requests for production. BOS has filed a brief in opposition and Plaintiff has filed a reply brief.

Standard of Review

As a district court recently summarized:

Rule 45 sets forth the procedure that a party must follow to request the production of "designated documents, electronically stored information, or tangible things in [the] possession, custody, or control" of a nonparty. Fed. R. Civ. P. 45(a)(1)(A)(iii). "After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena ... within fourteen days after the subpoena is served...." In re Domestic Drywall Antitrust Litig., 300 F.R.D. [234,] 238 [(E.D. Pa. 2014)] (citing Fed. R. Civ. P. 45(d)(2)(B)). As an alternative to serving objections on the subpoenaing party, a nonparty may file a timely motion for a court to quash the subpoena pursuant to Rule 45(d)(3).

RB v. Hollibaugh, 2017 WL 1196507, at *2 (M.D. Pa. Mar. 31, 2017) (footnotes omitted). In this case, BOS has elected to follow the first alternative, serving objections upon Plaintiff. The

Rule states that:

> If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2)(B). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). In addition, pursuant to Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and the Court has a responsibility to enforce this duty. Finally, Rule 45(c)(2) provides that "A subpoena may command (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."

BOS presents the following objections: 1) the subpoena is procedurally defective because the requested location from production is more than 100 miles from where BOS regularly transacts business; 2) Plaintiff does not defend specific requests or address BOS's specific objections; 3) Tier One's status as an employer is not in dispute, so the requests are cumulative, unduly burdensome, overbroad, premature, harassing and would place significant expense on

BOS; 4) the requests improperly interfere with Judge Kelly's management of a similar case, Kolasa v. BOS Solutions, Inc., Civ. A. No. 2:17-cv-1087 involving Plaintiff's counsel and counsel for BOS; and 5) the requests are overly broad because none of them are limited to Tier One employees who have opted into the case. Plaintiff argues that all of these objections are without merit.

Place of Compliance

As noted above, Rule 45 indicates that documents can be produced within 100 miles of where a person resides, is employed or regularly transacts business. BOS argues that Plaintiff's subpoena is defective because its place of compliance—Austin, Texas—is more than 100 miles from where it usually conducts business in Houston, Texas. Plaintiff responds that Austin is where BOS's registered agent is located and that, in any event, BOS could return documents at class counsel's offices in Houston or in Pittsburgh, where it also conducts business. In fact, BOS responded to the subpoena by hand delivery and regular mail at Plaintiff's counsel in Houston, which Plaintiff argues waived any objection to the place of compliance.

BOS has not indicated that it could not return documents in Houston or Pittsburgh. Even if the subpoena is technically defective in requiring production in Austin, there is no reason why BOS could not comply in Houston or Pittsburgh. Therefore, this objection is overruled.

Specific Requests

BOS argues that Plaintiff cannot argue that all of its objections should be overruled, but must instead address its objections specifically. Plaintiff responds that BOS provided the same objection to all 27 of his requests (ECF No. 80 at 5) and that Rule 34(b)(2)(B) and (C) require BOS to state its objections with specificity and identify whether any documents are being

3

withheld because of the objection.

BOS cites cases in which courts have held that a party did not show that particular discovery responses were deficient. See, e.g., Bishop v. May & Young Hotel, L.L.C., 2011 WL 4436750, at *2 (M.D. La. Sept. 8, 2011) ("A general argument that all, or even most, of the defendant's discovery responses are deficient is not sufficient. Such an argument requires the court, in effect, to make the plaintiffs' arguments for them.") However, in this case, BOS did not submit any responses to Plaintiff's discovery requests beyond objecting to them.

As Plaintiff observes, the duty to "provide reasoning and specificity with each objection," Koresko v. Bleiweis, 2004 WL 2203713, at *4 (E.D. Pa. Sept. 27, 2004), falls upon the party objecting to discovery requests. "[S]imply objecting to requests as 'overly broad, burdensome, oppressive and irrelevant,' without showing 'specifically how each [request] is not relevant or how each question is overly broad, burdensome, or oppressive,' is inadequate to 'voice a successful objection.'" Heller v. City of Dallas, 303 F.R.D. 466, 483-84 (N.D. Tex. 2014) (quoting McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1484-86 (5th Cir. 1990)). See also American Civil Liberties Union v. Gonzales, 237 F.R.D. 120, 131 (E.D. Pa. 2006) ("general objections to an entire set of interrogatories is improper"); Parisi v. State Farm Mut. Auto. Ins. Co., 2017 WL 4403326, at *1 (W.D. Pa. Oct. 2, 2017) ("The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient.") BOS' general and boilerplate objections are overruled.

Ability to Seek Information from Tier One

BOS contends that all or almost all of the information Plaintiff seeks can be obtained

4

from Defendant, Tier One, and thus it is harassing, overbroad, premature, cumulative and unduly burdensome to require BOS to produce the information. Plaintiff responds that he does not have to demonstrate that he cannot obtain the information from Tier One and that, in fact, he has not received all of the information he needs from Tier One.

As Plaintiff notes, Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party. Rather, it requires that "the documents subpoenaed [be] within the control of the nonparty witness." Highland Tank & Mfg. Co. v. PS International, Inc., 227 F.R.D. 374, 379 (W.D. Pa. 2005).

With respect to the issue of duplication, as another district court has observed:

> While there may be some duplication between defendants' and the third parties' production of documents, there are sure to be many other documents in the possession of the third parties not in the possession of the defendants. Practically, there is no way for the plaintiff to frame its request to eliminate the possibility of duplication and at the same time ensure that it receives all of the documents it seeks from third parties. Moreover, plaintiff asserts that the defendants have not produced all of the documents it requested. Thus, plaintiff claims that it needs the third parties' documents, not only as a supplement to defendants' productions, but also to test the veracity of defendants' assertions that they have produced all the documents they were required to produce.

New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc., 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000). This objection is overruled.

Interference with Kolasa case

BOS contends that Plaintiff's requests will interfere with Judge Kelly's management of the Kolasa case. Plaintiff responds that this objection is without merit.

BOS argues that many of Plaintiff's requests relate to issues central to the plaintiff's claims against BOS in the Kolasa case, including: the work Tier One performed for BOS

5

(Request Nos. 3-7)[1]; payments BOS made to Tier One (Request No. 8); equipment used by the plaintiff (Request No. 12); training (Request No. 13); BOS' policies, practices, audits and review of its wage practices, use of independent contractors, and overtime (Request No. 14); communications between BOS and the Department of Labor about BOS's policies (Request No. 15); qualifications BOS has for personnel doing work for it (Request No. 16); the tools that plaintiff used on the job (Request Nos. 18-19); insurance covering their work (Request No. 20); work scheduling communications (Request No. 22); reasons BOS chooses to use Tier One (Request No. 23); how long the plaintiff performed services for BOS (Request No. 25); unique skills and initiative the plaintiff used in performing services for BOS (Request No. 26); and the identities of persons who supervised the plaintiff (Request No. 27).

BOS argues that permitting discovery into these issues would necessarily intrude on Judge Kelly's order quashing discovery against it in the Kolasa case because it would allow Plaintiff's counsel (who also represents the plaintiff in Kolasa) and the class members of this case—many of whom are also potential class members in Kolasa—to engage in this discovery. BOS notes that the deposition transcript reveals numerous questions that went well beyond the circumstances of the alleged retaliation and Tier One's pay practices and instead were specifically directed to the application of the "economic realities test" against BOS. (Snedeker Dep. 78-79, 81-83, 85.)[2]

Plaintiff responds that it is not seeking information for use in the Kolasa case and that the production can be limited to use in this case, if BOS so desires. He further notes that permitting

---

[1] ECF No. 74 Ex. B.
[2] ECF No. 74 Ex. G.

discovery in this case does not conflict with Judge Kelly's order in Kolasa because, in that case, discovery was premature given that the class had not been certified; whereas in this case, the class has been certified to include solid control technicians, so the requests are not premature.

As an initial matter, it is noted that interference with a different case pending before another judge of this Court, which is not designated as related to this case and of which this Court was unaware prior to the filing of the pending motion, is not a ground for objection under Rule 45. Moreover, as Plaintiff notes, the cases are in different procedural postures: in this case, class certification has occurred and discovery is appropriate, but in Kolasa a class has not yet been certified. In addition, in Kolasa, BOS complained that the plaintiff sought information from five vendors, but here Plaintiff only seeks information from BOS about Tier One

The discovery sought is relevant to Plaintiff's claims and it provides a list of materials to be produced. Thus, BOS has not demonstrated that the subpoena is unduly burdensome or meant to harass. BOS's objection is overruled.

Finally, BOS objects to providing information about individuals who have not opted into this case. Plaintiff has not responded to this argument. Although it would appear to be implicit in the subpoena that requests are limited to individuals who are part of this lawsuit, to the extent it is not, BOS's objection is sustained to limit its responsibility to respond to class members who have opted into this lawsuit.

AND NOW, this 17th day of May, 2018,

IT IS HEREBY ORDERED that the motion is granted and BOS Solutions, Inc. shall provide the subpoena responses and documents as requested by Plaintiff, limited to class members who have opted into this lawsuit, by May 31, 2018.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge