**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **MICHAEL CEURIC**, Individually and On Behalf Of All Others Similarly Situated, | § § § | **DOCKET NO. 2:17-cv-01240** |
| Plaintiff, | § § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| | § | |
| **TIER ONE, LLC** | § | **CLASS/COLLECTIVE ACTION** |
| **D/B/A TIER 1 RENTAL AND** | § | **PURSUANT TO 29 U.S.C. §** |
| **DISTRIBUTION**, | § | **216(b)/FED. R. CIV. P. 23** |
| | § | |
| Defendant. | § § | |

---

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLEVTICE**
**ACTION SETTLEMENT, ATTORNEYS' FEES, AND COSTS**

---

**Michael A. Josephson**
Michael A. Josephson
Pennsylvania Bar No. 308410
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Joshua P. Geist**
PA. I.D. No. 85745
GOODRICH & GEIST, P.C.
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(Pending Pro Hac Vice)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

i

## <u>TABLE OF CONTENTS</u>

I.    **Summary of the Notice Process.** ...............................................................................1

II.    **The Court Should Approve the Settlement** ..........................................................1

    A.    Applicable Legal Standard.........................................................................................2

        1.    The complexity, expense and likely duration of the litigation support approval of the settlement ...........................................................................................................................3

        2.    The class supports the settlement.................................................................................4

        3.    Settlement is appropriate at this stage of the proceedings ........................................4

        4.    The settlement is fair and reasonable in light of the risks to establishing liability and damages, and the risk of maintaining the class action through the trial ...........................4

        5.    The settlement is reasonable in light of the best possible recovery and in light of all the attendant risks of litigation .............................................................................................6

        6.    The service awards should be approved .......................................................................8

    B.    The Court Should Finally Certify the Settlement Class Under Fed. R. Civ. P. 23......................9

        1.    The class is sufficiently numerous ............................................................................10

        2.    The class seeks resolution of common questions .....................................................10

        3.    The claims of the representative plaintiffs are typical of the class............................11

        4.    Class counsel and representative plaintiffs meet the adequacy requirements of the class ...11

        5.    The class satisfies the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3) ...........................................................................................................................11

    C.    The Attorneys' Fees and Costs Requested Are Reasonable and Customary..............................12

        1.    The size of the fund created and the number of beneficiaries, as well as the value of the benefits supports the requested fee......................................................................................13

        2.    The response of class members supports the requested fee.......................................14

        3.    The skill and efficiency of Class Counsel supports the requested fee......................14

        4.    The awards in similar cases supports the requested fee ............................................15

        5.    Class Counsel's costs should be approved ................................................................16

    D.    This Settlement is on Par With Recent Settlements Involving Oil and Gas Companies ........16

III.    **Conclusion** .......................................................................................................17

## TABLE OF AUTHORITIES

**Cases**

*Austin v. Pennsylvania Dep't of Corrs.*,
   876 F.Supp 1437 (E.D. Pa. 1995) ..................................................................... 5, 7

*Belt v. EmCare, Inc.*,
   444 F.3d 403 (5th Cir. 2006) ................................................................................. 5

*Bredbenner v. Liberty Travel, Inc.*,
   2011 WL 1344745 (D.N.J. Apr. 8, 2011) .................................................... 5, 8, 15

*Brumley v. Camin Cargo Control, Inc.*,
   No. 08-1798, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ................................. 2, 15

*Chemi v. Champion Mortg.*,
   C.A. 05-cv-1238, 2009 WL 1470429 (D.N.J. May 26, 2009) ............................. 14

*City of Detroit v. Grinnell Corp.*,
   356 F. Supp. 1380 (S.D.N.Y.1972) ........................................................................ 2

*Cotton v. Hinton*,
   559 F.2d 1326 (5th Cir. 1977) ............................................................................... 7

*Craig v. Rite Aid Corp.*,
   No. 4:08-CV-2317, 2013 WL 84928 (M.D. Pa. Jan. 7, 2013) ............................. 3

*Cullen v. Whitman Med. Corp.*,
   197 F.R.D. 136 (E.D. Pa. 2000) ...................................................................... 8, 15

*Deitz v. Budget Renovations and Roofing, Inc.*,
   No. 4:12-CV-0718, 2013 WL 2338496 ................................................................. 3

*Eichenholtz v. Brennan*,
   52 F.3d 478 (3d Cir. 1995) .................................................................................... 2

*Erie County Retirees Assoc. v. County of Erie. Pa.*,
   192 F. Supp. 2d 369 (W.D. Pa. 2002) ................................................................ 15

*Fein v. Ditech Fin., LLC*,
   No. 5:16-CV-00660, 2017 WL 4284116 (E.D. Pa. Sept. 27, 2017) ..................... 4

*Fisher Brothers v. Phelps Dodge Indus., Inc.*,
   604 F. Supp. 446 (E.D. Pa. 1985) ..................................................................... 5, 7

*Friedrich v. U.S. Computer Systems, Inc.*,
   1996 WL 32888 (E.D. Pa. Jan. 22, 1996) .......................................................... 10

*Fry v. Hayt, Hayt & Landau*,
   198 F.R.D. 461 (E.D. Pa. 2000) .................................................................... 10, 11

*Galt v. Eagleville Hosp.*,
   310 F. Supp. 3d 483 (E.D. Pa. 2018) ............................................................ 3, 4, 6

*General Tel. Co. of S.W. v. Falcon*,
   457 U.S. 147 (1982) ............................................................................................ 11

*Girsh v. Jepson*,
   521 F.2d 153 (3d Cir. 1975) .................................................................................. 3

*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) ................................................................................ 13

*In re AT&T Corp. Sec. Litig.*,
   455 F.3d 160 (3d Cir. 2006) ................................................................................ 12

*In re Cendant Corp. Sec. Litig.*,
    404 F.3d 173 (3d Cir. 2005)......................................................................................... 12
*In re Constar Int'l, Inc. Sec. Litig.*,
    585 F.3d 774 (3d Cir. 2009)........................................................................................... 9
*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*,
    410 F. Supp. 659 (D. Minn. 1974) ............................................................................ 6, 7
*In re Diet Drugs Prod. Liab. Litig.*,
    582 F.3d 524 (3d Cir. 2009).................................................................................... 12, 13
*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995)............................................................................... 3, 4, 7, 15
*In re Ins. Brokerage Antitrust Litig.*,
    579 F.3d 241 (3d Cir. 2009)........................................................................................... 2
*In re Inter-Op Prosthesis Liab. Litig.*,
    204 F.R.D. 359 (N.D. Ohio 2001) ................................................................................. 7
*In re Janney Montgomery Scott LLC Financial Consultant Litig.*,
    No. 06-cv-3202, 2009 WL 2137224 (E.D. Pa. Jul. 16, 2009) ...................................... 8
*In re NASDAQ Market Makers Antitrust Litig.*,
    176 F.R.D. 99 (S.D.N.Y. 1999) .................................................................................... 8
*In re Prudential Ins. Co. America Sales Practice Litig.*,
    148 F.3d 283 (3rd Cir.1998) ................................................................................... passim
*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004)........................................................................................... 9
*Keller v. TD Bank, N.A.*,
    No. CIV.A. 12-5054, 2014 WL 5591033 (E.D. Pa. Nov. 4, 2014) .............................. 5
*Knepper v. Rite Aid Corp.*,
    675 F.3d 249 (3d Cir. 2012)......................................................................................... 12
*Lachance v. Harrington*,
    965 F.Supp. 630 (E.D. Pa. 1997) .................................................................................. 5
*Lignore v. Hosp. of Univ. of Pa.*,
    No. 04-5735, 2007 WL 1300733, n.7 (E.D. Pa. May 1, 2007).................................... 2
*Oh v. AT&T Corp.*,
    225 F.R.D. 142 (D.N.J. 2004)...................................................................................... 16
*Raniere v. Citigroup Inc.*,
    310 F.R.D. 211 (S.D.N.Y. 2015) .................................................................................. 8
*Ripley v. Sunoco, Inc.*,
    287 F.R.D. 300 (E.D. Pa. 2012).................................................................................... 6
*Rouse v. Comcast Corp.*,
    No. CIV.A. 14-1115, 2015 WL 1725721 (E.D. Pa. Apr. 15, 2015) ............................ 6
*Roussell v. Brinker Int'l, Inc.*,
    C.A. 2:09-cv-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) ............................. 5
*Sakalas v. Wilkes Barre Hosp. Co.*,
    No. 3:11-cv-0546, 2014 WL 1871919 (M.D. Pa. May 8, 2014) .................................. 8
*Sand v. Greenberg*,
    No. 08-cv-7840, 2011 WL 7842602 (S.D.N.Y. Oct. 6, 2011)...................................... 8
*Stewart v. Abraham*,
    275 F.3d 220 (3d Cir. 2001)........................................................................................ 10

*Tenuto v. Transworld Sys., Inc.*,
   No. Civ. A. 99-4228, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002) ............................................ 8

*Truman v. DeWolff, Boberg & Assocs., Inc.*,
   2009 WL 2015126 (W.D. Pa. July 7, 2009) ....................................................................... 10

*Lynn's Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982) ......................................................................................... 2

*Walsh v. Great Atlantic and Pacific Tea Co.*,
   96 F.R.D. 632 (D.N.J.) ..................................................................................................... 2

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984)............................................................................................. 9

*Williams v. Aramark Sports, LLC*,
   No. 10-cv-1044, 2011 WL 4018205 (E.D. Pa. Sept. 9, 2011).......................................... 15

*Young v. Tri Cty. Sec. Agency, Inc.*,
   No. CIV.A. 13-5971, 2014 WL 1806881 (E.D. Pa. May 7, 2014) ........................................ 4

## Statutes

29 U.S.C. § 216(b) ...................................................................................................... 1, 15, 16

43 P.S. § 333.113 ............................................................................................................. 16

Ohio Rev. Code § 4111.10(A) ........................................................................................... 16

## Rules

FED. R. CIV. P. 23 ...................................................................................................... passim

FED. R. CIV. P. 23(a) ......................................................................................................... 9

FED. R. CIV. P. 23(a)(1) ................................................................................................... 10

FED. R. CIV. P. 23(a)(2) ................................................................................................... 10

FED. R. CIV. P. 23(a)(3) ................................................................................................... 11

FED. R. CIV. P. 23(a)(4) ................................................................................................... 11

FED. R. CIV. P. 23(b)(3) ............................................................................................... 9, 11

FED. R. CIV. P. 23(e) ......................................................................................................... 2

## I.    SUMMARY OF THE NOTICE PROCESS.

Since the Court preliminary approved the class and collective action settlement, the Parties retained ILYM Group, Inc. ("ILYM") to administer the notice in accordance with the settlement agreement and the Court's Order. ECF No. 98.

ILYM formatted the Court approved notice packet, verified mailing addresses for the class members, and mailed/emailed the notice packets on August 8, 2018. *See* Exhibit A, ILYM Declaration, ¶ 3.

The results of the notice were overwhelmingly positive. This is evidenced by the fact that no class member objected to the settlement and no class member requested to be excluded. *Id.* at ¶ 11-12. As a result, 119 class members will share 100% of the net settlement fund. On average, the participating class members are receiving $8,403.36, before attorneys' fees, costs, the service awards, and administration expenses. *Id.* at ¶ 13. This is a substantial benefit per plaintiff.

Clearly, all aspects of the notice process were effective at educating class members of their claims, advising them of the ability to participate in the settlement, and informing them of how to preserve their claims.

As preliminarily determined by the Court, the settlement is fair, reasonable, and confers a substantial benefit upon the Class Members. Further, the Pennsylvania and Ohio state law class claims satisfy all of the requirements of a settlement class under Rule 23, and the FLSA Class meets all requirements for a collective action under 29 U.S.C. § 216(b).

## II.    THE COURT SHOULD APPROVE THE SETTLEMENT

Plaintiffs request the Court grant final certification of the classes; award final approval of the Settlement; approve the attorneys' fees, costs, and service awards; and dismiss this case with prejudice.

## A. Applicable Legal Standard

To grant final approval, the Court must conclude that the proposed settlement is fair, reasonable and adequate. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009); FED. R. CIV. P. 23(e).[1] Trial courts generally are afforded broad discretion in determining whether to approve a proposed class action settlement. *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995). This discretion is conferred in recognition that "[the] evaluation of [a] proposed settlement in this type of litigation requires an amalgam of delicate balancing, gross approximations and rough justice." *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380, 1385 (S.D.N.Y.1972), *aff'd in part and rev'd in part on other grounds*, 495 F.2d 448 (2d Cir. 1974). Thus, the Court considers whether the proposed settlement is within a "range of reasonableness" that experienced attorneys could accept in light of the relevant risks of the litigation. *Walsh v. Great Atlantic and Pacific Tea Co.*, 96 F.R.D. 632, 642 (D.N.J.), *aff'd*, 726 F.2d 956 (3d Cir. 1983).

The Third Circuit has set forth nine factors to be considered when determining the fairness of a proposed settlement:

> (1) the complexity, expense and likely duration of the litigation;(2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible

---

[1] This case is also brought pursuant to Section 216(b) of the FLSA. When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to Section 216(b) of the FLSA, the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Because Rule 23's two-step final approval process is more stringent than approval of an FLSA collective action settlement, *see, e.g., Lignore v. Hosp. of Univ. of Pa.*, No. 04-5735, 2007 WL 1300733, at *3, n.7 (E.D. Pa. May 1, 2007) (noting that the Third Circuit's prior opinions suggest that court approval may not be necessary in context of private settlements under FLSA), satisfaction of the Rule 23 requirements here should be sufficient for approval of the FLSA collective action as well.

> recovery; (9) the range of reasonableness of the settlement fund to a
> possible recovery in light of all the attendant risks of litigation ...

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (internal quotations and punctuation omitted). Here, the *Girsh* factors strongly support final approval of the Settlement Agreement.

1. The complexity, expense and likely duration of the litigation support approval of the settlement

"This first *Girsh* factor requires the Court to consider 'the probable costs, in both time and money, of continued litigation.'" *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 493 (E.D. Pa. 2018); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995). Cases requiring great expenditures of time, money, and other resources on behalf of the parties and the court are good candidates for settlement. *Deitz v. Budget Renovations and Roofing, Inc.*, No. 4:12-CV-0718, 2013 WL 2338496, at *5 (citing *In re Prudential Ins. Co.*, 148 F.3d 283, 318 (3rd Cir.1998)). Here, despite the discovery that has already occurred, both sides would require substantial additional discovery in order to place the case in a trial posture. Continued litigation of the case would result in a significant expenditure of resources and would likewise place a substantial drain on judicial resources. *See also Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2013 WL 84928, at *9 (M.D. Pa. Jan. 7, 2013). The Parties would likely spend another two years working this case up, completing discovery, and briefing motions for summary judgment and class certification. This process would be long and expensive and involve complicated legal issues such as the application of the economic realities test, Rule 23, salary basis and reasonable relationship tests, and damages across a class.

It is Class Counsel's opinion that settlement is appropriate at this point, and the Court should not have to needlessly expend judicial resources on a matter that neither party has any interest in continuing to litigate. *See Deitz*, No. 4:12-CV-0718, 2013 WL 2338496, at *5.

2.  <u>The class supports the settlement</u>

This factor "attempts to gauge whether members of the class support the settlement." *Fein v. Ditech Fin., LLC*, No. 5:16-CV-00660, 2017 WL 4284116, at *9 (E.D. Pa. Sept. 27, 2017)(citing In re Prudential, 148 F.3d at 318). "Silence from the class is generally presumed to indicate agreement with the settlement terms." *Young v. Tri Cty. Sec. Agency, Inc.*, No. CIV.A. 13-5971, 2014 WL 1806881, at *6 (E.D. Pa. May 7, 2014). At this time, no class members have objected to, or sought exclusion from, the proposed settlement. *See* Exhibit A, ILYM Declaration, ¶ 11-12. To the contrary, 119 members of the class will share in 100% of the settlement fund. *Id.* at ¶ 13. This case strongly supports the approval of the settlement. *See Galt*, 310 F. Supp. 3d at 494.

3.  <u>Settlement is appropriate at this stage of the proceedings</u>

"In evaluating the third *Girsh* factor, the Court assesses 'the degree of case development that [C]lass [C]ounsel have accomplished prior to the settlement,' in order to 'determine whether counsel had an adequate appreciation of the merits of the case before negotiating.'" *Id.* (quoting *In re Gen. Motors*, 55 F.3d at 813). Here, adequate discovery was completed prior to mediation. Through discovery, Class Counsel reviewed thousands of pages pertaining to payroll records, earnings statements, and timesheets of the class members, as well as the contracts and policies of Defendant. Each side was cognizant of the relative strengths and weaknesses of their case during negotiations. The Parties spent more than a year litigating this action and substantial time negotiating settlement discussions with an experienced mediator, Carole Katz. This factor weighs in favor of approval.

4.  <u>The settlement is fair and reasonable in light of the risks to establishing liability and damages, and the risk of maintaining the class action through the trial</u>

The fourth, fifth, and sixth *Girsh* factors also strongly favor final approval of the Parties' settlement agreement. "The fourth and fifth *Girsh* factors require the Court to "survey the possible risks of litigation in order to balance the likelihood of success and the potential damage award if the case were taken to trial against the benefits of an immediate settlement." *Galt*, 310 F. Supp. 3d at 494

(E.D. Pa. 2018); *see In re Prudential*, 148 F.3d at 319.  "In balancing these considerations, the Court 'should not press into the merits of the case and instead rely to a certain extent on the estimation provided by class counsel, who is experienced with the intricacies of the underlying case.'"  *Keller v. TD Bank, N.A.*, No. CIV.A. 12-5054, 2014 WL 5591033, at *11 (E.D. Pa. Nov. 4, 2014) (quoting *Bredhenner v. Liberty Travel, Inc.*, 2011 WL 1344745, at *13 (D.N.J. Apr. 8, 2011)).  Trying this case would involve significant risks to the class members, as there is a substantial risk of a significantly reduced recovery in this action. Defendant maintained that it has significant defenses to liability, that the workers are either exempt employees or properly classified as independent contractors, that the workers were properly compensated, and that it acted in good faith. *See also Lachance v. Harrington*, 965 F.Supp. 630, 639 (E.D. Pa. 1997) ("The court must, to a certain extent, give credence to the estimation of the probability of success proffered by class counsel, who are experienced with the underlying case, and the possible defenses which may be raised to their cause of action").

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years.[2] Both sides have had considerable experience in prosecuting, defending, and settling federal and state commercial and wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *See Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel

---

[2] Plaintiffs' counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions.  *See, e.g., Roussell v. Brinker Int'l, Inc.*, C.A. 2:09-cv-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).  Defendant is represented by experienced labor and employment counsel from Eckert Seamans Cherin & Mellott, LLC.

involved in the litigation is entitled to significant weight."); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight.").

Additionally, the potential class faces significant risk under the sixth *Girsh* factor that it can be certified and then maintained through trial. The Parties agreed to conditional certification and certification for settlement purposes, but Defendant has indicated that it believes the class is not appropriate and should not be maintained. Should the case proceed, and regardless of whether such a challenge would succeed, motion practice on this issue is likely to increase both the length and expense of the litigation. *See Galt*, 310 F. Supp. 3d at 495. These factors, taken together, indicate that continued litigation presents a risk to recovery for the Plaintiffs and the classes, and that settlement is reasonable in light of these risks.

5. <u>The settlement is reasonable in light of the best possible recovery and in light of all the attendant risks of litigation</u>

The eighth and ninth *Girsh* factors "ask whether the settlement is reasonable in light of the best possible recovery and the risks the parties would face if the case went to trial. In order to assess the reasonableness of a proposed settlement seeking monetary relief, the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement." *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 313 (E.D. Pa. 2012) (citing *In re Prudential*, 148 F.3d at 322). Had the case been pursued through trial and been successful on all claims, the recovery here may have been greater than the settlement. "However, [i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Rouse v. Comcast Corp.*, No. CIV.A. 14-1115, 2015 WL 1725721, at *10 (E.D. Pa. Apr. 15, 2015). Even if the "best possible recovery" significantly exceeds the Settlement amount, this award could only be attained by continued litigation and after a favorable result from each of the remaining stages of litigation, including possible dispositive

motions, the possibility the class will not be certified, threats of decertification even if it is, and then trial and a possible appeal. These risks far outweigh the present value of an immediate—and not inconsiderable—cash settlement.

Importantly, the Settlement was the result of an all-day mediation session between the Parties with the assistance of experienced mediator, Carole Katz, who specializes in mediation of class, collective, and individual employment cases, including wage and hour cases, under the FLSA and state analogues, such as misclassification as exempt or independent contractor. The Settlement was negotiated by attorneys who have been vigorously prosecuting this and similar claims for many years. These attorneys have had considerable experience in wage and hour claims, both federal and state claims, and in this case both Parties were aware of and negotiated based upon the inherent risks with pursuing the case to trial. Both Parties feel that the Settlement Fund of $1,000,000.00 is more than reasonable in light of these risks and the possible damages recoverable by the class. *See Austin*, 876 F.Supp at 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 787-88 (3d Cir. 1995); *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight."); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."). These factors favor approval of the Settlement.

There is no foundation to dispute the fairness of this proposed Settlement, which resulted from arm's length negotiations. The proposed Settlement does not grant preferential treatment to the class representatives, and it does not provide excessive compensation to counsel. *See In re Inter-Op Prosthesis Liab. Litig.*, 204 F.R.D. 359, 379 (N.D. Ohio 2001). Accordingly, the standards for approval

7

are met in this case, and the Court should grant Plaintiffs' motion in its entirety. *See In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1999).

6.    The service awards should be approved

Defendant has agreed to pay Representative Plaintiffs Michael Ceuric, Michael Carnley, and Brand Fink $5,000.00 each as a Service Award for their efforts in bringing and prosecuting this matter. *See* ECF No. 97, Exhibit 1. This amount will be paid in addition to their recovery of unpaid overtime for the time when they worked for Defendant.

"[C]ourts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action litigation." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000). It is particularly appropriate to compensate plaintiffs with incentive awards where they have actively assisted plaintiffs' counsel in their prosecution of the litigation for the benefit of a class. *Tenuto v. Transworld Sys., Inc.*, No. Civ. A. 99-4228, 2002 WL 188569, at *5 (E.D. Pa. Jan. 31, 2002).[3] Indeed, "[i]t takes courage for any employee to challenge her employer's workplace practices …." *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 220 (S.D.N.Y. 2015). For these

---

[3] *See Sand v. Greenberg*, No. 08-cv-7840, 2011 WL 7842602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving service awards in FLSA case as reasonable and finding that plaintiffs "took risks by putting their names on this lawsuit," including the risk of "blacklisting and other more subtle forms of retaliation"). The additional payment requested in this case is also in line with those approved in wage and hour collective and class actions throughout the Third Circuit. *See, e.g., Sakalas v. Wilkes Barre Hosp. Co.*, No. 3:11-cv-0546, 2014 WL 1871919, at *5 (M.D. Pa. May 8, 2014) ("Court believes that the proposed total award of $7,500.00 (or 1.57%) of a $475,000.00 settlement fund is well-deserved and not out of proportion to the level of [named plaintiff's] cooperation. Such an award would not significantly reduce compensation for the other class members, nor is it out of the mainstream for class action service awards in the Third Circuit."); *Bredhenner v. Liberty Travel, Inc.*, No. 09-cv-905, 2011 WL 1344745, at *22-24 (D.N.J. Apr. 8, 2011) (approving service payments of $10,000 to each of eight named plaintiffs in wage and hour case, and citing 2006 empirical study that found average award per class representative to be $16,000); *In re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06-cv-3202, 2009 WL 2137224, at *12 (E.D. Pa. Jul. 16, 2009) (approving $20,000 enhancement awards for each of three named plaintiffs in wage and hour settlement).

reasons, the additional payments to Representative Plaintiffs Michael Ceuric, Michael Carnley, and Brand Fink should be finally approved as fair and reasonable.

## B. The Court Should Finally Certify the Settlement Class Under Fed. R. Civ. P. 23

The Pennsylvania and Ohio Settlement Class should be finally certified. A case may be certified as a class action under Rule 23 only when:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Weiss v. York Hosp.*, 745 F.2d 786, 807 (3d Cir. 1984), cert. denied, 470 U.S. 1060 (1985). These four threshold requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).

Federal Rule of Civil Procedure 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). These dual requirements are commonly referred to as "predominance" and "superiority," respectively. *See, e.g., In re Constar Int'l, Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009). The Court preliminarily certified the Pennsylvania and Ohio Settlement Class under Rule 23(b)(3) for settlement purposes, and Plaintiffs now move for final certification of the Pennsylvania and Ohio Settlement Class under Rule 23(b)(3).

Pursuant to the terms of the Settlement Agreement, Defendant has stipulated that the requisites for establishing class certification pursuant to FED. R. CIV. P. 23 with respect to the Pennsylvania and Ohio Settlement Class Members have been and are met. *See* ECF No. 97, Exhibit 1.

1.  The class is sufficiently numerous

To meet the numerosity requirement of FED. R. CIV. P. 23(a)(1), "the class size only need be large enough that it makes joinder impracticable." *Fry*, 198 F.R.D. at 467. The proposed Settlement Class here meets the numerosity requirement because all of the class members are either Pennsylvania or Ohio Class Members. Indeed, "the PMWA has been construed to extend its protections to employees who work outside of Pennsylvania." *Truman v. DeWolff, Boberg & Assocs., Inc.*, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) (citing *Friedrich v. U.S. Computer Systems, Inc.,* 1996 WL 32888 (E.D. Pa. Jan. 22, 1996). "Allowing employees who perform work outside of Pennsylvania to benefit from the PMWA is in accord with the PMWA's Declaration of Policy." *Truman*, 2009 WL 2015126 at *2 (quoting 43 P.S. § 333.101) ("Employe[e]s employed in such occupations are not as a class on a level of equality in bargaining with their employers in regard to minimum fair wage standards ... wages in such occupations are often found to bear no relation to the fair value of the services rendered"). ILYM took substantial steps to advise the class members of their claims, no class member decided to opt-out, and there are no objectors. *See* Exhibit A, ILYM Declaration, ¶ 11-12.

2.  The class seeks resolution of common questions

The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied if the representative plaintiffs share at least one question of fact or law with the grievances of the prospective class. *See Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). Here, Plaintiffs and the class members' claims arise from Defendants common pay policies. The alleged common issues include, without limitation: (1) whether class members were entitled to overtime compensation for their hours worked; (2) whether class members were similarly denied compensation for all hours worked; and (3) whether Defendant's policy of classifying class members as independent contractors and paying them a day rate with no overtime compensation violated state law. These sample common questions of law and

fact, which Plaintiffs contend apply uniformly to all members of the proposed Settlement Class, are sufficient to satisfy the commonality requirement.

3.  <u>The claims of the representative plaintiffs are typical of the class</u>

The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied for purposes of approving the settlement because Plaintiffs' claims are reasonably coextensive with those of absent class members, and because Plaintiffs possess the same interest and suffered the same injury as the absent class members. *See Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 468 (E.D. Pa. 2000); *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982). Plaintiffs' claims for unpaid overtime compensation are typical of the claims of the Class.

4.  <u>Class counsel and representative plaintiffs meet the adequacy requirements of the class</u>

To meet the adequacy requirement of FED. R. CIV. P. 23(a)(4), a representative plaintiff must show: (1) that he or she has the ability and incentive to represent the claims of the class vigorously; (2) has obtained adequate counsel; and (3) that there is no conflict between the individual's claims and those asserted on behalf of the class. *Fry*, 198 F.R.D. at 469.

The adequacy of representation requirement is met here because Plaintiffs have the same interests as the Settlement Class Members. There is no conflict between Plaintiffs and the class members in this case, and Plaintiffs' claims are in line with the claims of the Class. Plaintiffs have aggressively and competently asserted the interests of the Class, and Plaintiffs' counsel is skilled and experienced in wage and hour class action litigation, as set forth in the declaration of Class Counsel submitted with Plaintiffs' Unopposed Motion for Preliminary Approval. *See* ECF No. 97, Exhibit 2.

5.  <u>The class satisfies the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3)</u>

Under Fed. R. Civ. P. 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

For the reasons discussed above, Plaintiffs believe that the Settlement Class satisfies the predominance requirement. Moreover, allowing the class members the opportunity to participate in a class settlement that yields an immediate and substantial benefit is highly superior to having a multiplicity of individual and duplicative proceedings in this Court. It is also superior to the alternative of leaving these important labor rights unaddressed due to the difficulty of finding legal representation and filing claims on an individual basis. Moreover, the Third Circuit has ruled that there is no reason to preclude federal jurisdiction over class actions asserting claims under state statutory wage and overtime laws paralleling the FLSA. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

Accordingly, Plaintiffs respectfully request that the Court finally certifies the following Class as a Class Action, consisting of 48 individuals:

**All Solid Control Consultants working on behalf of Tier One from September 24, 2014 to June 7, 2018 in the States of Ohio or Pennsylvania, who have not opted in to the FLSA Collective Action and who have not opted out of the Class Action.**

## C. The Attorneys' Fees and Costs Requested Are Reasonable and Customary

Under Third Circuit law, a Court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach; and (2) the percentage of the recovery approach. *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 540 (3d Cir. 2009); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006). Under the common fund doctrine, "a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) (citation omitted). When calculating attorneys' fees in such

cases, the percentage-of-recovery method is generally favored. *In re Diet Drugs*, 582 F.3d at 540 (citing *In re Prudential Ins. Co.*, 148 F.3d 283, 333 (3d Cir. 1998)).

In determining what constitutes a reasonable percentage fee award in the Third Circuit, a district court must consider ten factors: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorney involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of Settlement. *In re Diet Drugs*. 582 F.3d at 541 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000) and *Prudential,* 148 F.3d at 342).

These factors support approval of the requested fee and are discussed below.

1. <u>The size of the fund created and the number of beneficiaries, as well as the value of the benefits supports the requested fee</u>

The results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. Here, the $1,000,000.00 Settlement provides for a Net Settlement Fund that will be distributed to Settlement Class Members on a *pro rata* basis. *See generally* Exhibit A.

More specifically, the Maximum Settlement Amount is based on an analysis of each workweek that each Class Member worked for Defendant during the relevant time period. The Maximum Settlement Amount represents a substantial portion of unpaid overtime damages owed to FLSA and Pennsylvania and Ohio Class Members. For these reasons, the Settlement creates a substantial benefit for members of the Settlement Class.

2. <u>The response of class members supports the requested fee</u>

Notice of the Settlement has now gone out to all of the Class Members. The Notice explicitly outlines the allocation of the Maximum Settlement Fund and provides instructions for objecting to or seeking exclusion from the Settlement. To date, none of the individuals who received the Notice have submitted objections, and no one has submitted a request for exclusion from the Settlement. *See* Exhibit A, ILYM Declaration, ¶ 11-12. Further, a substantial portion, 100%, of the Net Settlement Fund has been claimed. *Id.*, ¶ 13. Accordingly, this factor supports the reasonableness of the fee award.

3. <u>The skill and efficiency of Class Counsel supports the requested fee</u>

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi v. Champion Mortg.*, C.A. 05-cv-1238, 2009 WL 1470429, at *11 (D.N.J. May 26, 2009) (internal quotations omitted).

Here, Class Counsel includes attorneys with significant employment law as well as class and collective action experience. Class Counsel assumed a very real risk in taking on this case. Class Counsel took the case on a contingency basis and was prepared to invest time, effort, and money over a period of years with absolutely no guarantee of any recovery.

The Settlement reached with Defendant, which involves complex provisions that are specific to Section 216(b)'s collective action provision of the FLSA and state wage and hour law, is a reflection of Class counsel's experience. This Settlement was reached (1) after extensive fact discovery, including exchanging numerous pages of documents; and (2) with the help of a full day of mediation with Carole Katz.

The Settlement provides Plaintiffs and members of the Settlement Classes with substantial benefits without having to wait for years of drawn out litigation. Accordingly, this factor favors the requested fee.

4. <u>The awards in similar cases supports the requested fee</u>

The requested fee is also consistent with awards in similar cases. The Third Circuit has noted that fee awards generally range from 19% to 45% of the Settlement fund. *See Brumley*, 2012 WL 1019337, at *12 (approving fee of one-third of the common fund and citing *In re Gen. Motors Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995)).

Here, Class Counsel's request for thirty-three and one-third percent (33.33%) of the Maximum Settlement Fund falls well within the range of reasonable allocations in the context of awards granted in other, similar cases. *See, e.g., Stivers v. Office Depot*, No. 12-cv-1534 (W.D. Pa. Sept. 19, 2013) (Eddy, J.) (approving fee award of 33.33% of the total settlement amount to class counsel in wage and hour settlement); *Bearden v. Precision Air Drilling Services, Inc.*, No. 2:11-cv-01511-NBF (W.D. Pa. Sept. 26, 2012) (Fischer, J.) (same); *Thomas v. Allis-Chalmers*, No. 2:10-cv- 01591-RCM (W.D. Pa. Sept. 11, 2012) (Mitchell, J.) (same); *Caudell v. RDL Energy Services, LP*, No. 2:11-cv-01523-JFC (W.D. Pa. Jul. 30, 2012) (Conti, J.) (same); *Bredbenner*, 2011 WL 1344745 (approving an award of 32.6% of the Settlement fund); *Erie County Retirees Assoc. v. County of Erie. Pa.*, 192 F. Supp. 2d 369, 382-83 (W.D. Pa. 2002) (McLaughlin, J.) (38% of common fund awarded as fees in ADEA collective action case brought pursuant to 29 U.S.C. §216(b)); *see also Cullen*, 197 F.R.D. at 150 (concluding "that an award of one third of the Settlement fund is reasonable in consideration of other courts' awards"); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 WL 4018205, at *10 (E.D. Pa. Sept. 9, 2011) (noting that study of class action fee awards within the Third Circuit found that average attorneys' fees percentage in such cases was 31.71% and median award was 33.3%). The attorneys' fees request of thirty-three

15

and one-third percent of the Settlement fund also comports with privately negotiated contingency fees negotiated on the open market. *See Bredbenner*, 2011 WL 1344745, at *21.

Accordingly, the fees approved in similar cases further support the requested fee here.

5. Class Counsel's costs should be approved

In addition to being entitled to reasonable attorneys' fees, the FLSA, Pennsylvania wage and hour law, and Ohio wage and hour law provide for the reimbursement of costs. *See* 29 U.S.C. § 216(b); 43 P.S. § 333.113 ("worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court…"); Ohio Rev. Code § 4111.10(A) (an employer who violates § 4111.03 "is liable to the employee … for costs and reasonable attorney's fees").

Here, Class Counsel's costs are capped at $20,000.00. Class Counsel's costs include reasonable out-of-pocket expenditures such as filing fees, travel for hearings, mediation, and client meetings, and Westlaw. *See Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (finding expenses such as "(1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies, (5) messengers and express service, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing, court and witness fees, (9) overtime and temp work, (10) postage, (11) the cost of hiring a mediator, and (12) NJ Client Protection Fund *pro hac vice*" to be reasonable).

All of these expenses were reasonable and necessary for the successful prosecution of this case, and pursuant to the terms of the Settlement Agreement. ECF No. 97, Exhibit 1.

**D. This Settlement is on Par with Recent Settlements Involving Oil and Gas Companies**

The Court should finally approve this Settlement because it is in line with recent wage and hour settlements involving oil and gas service companies. *See e.g. Seagraves v. Range Resources Corporation*, C.A. 2:17-cv-1009-JFC (W.D. PA Oct. 16, 2018) ECF No. 40 (approving 33.33% attorney fees). In *Terry v. Tri-State Wireline, LLC*, Judge Fischer approved a class and collective action settlement

16

involving wireline operators paid a salary and a job bonus. *Terry,* C.A. 2:15-cv-00382-NBF (W.D. PA Jan. 14, 2016) ECF No. 31. In that case, 56 of the 69 (or 81.16%) of the class members joined the settlement and claimed 92.07% of the settlement fund. *Id.* at 29, Exhibit A. Further, the Court approved attorney fees of 35%, $25,000.00 in attorney costs, $5,500.00 in settlement administration costs, and $20,000.00 in enhancement awards. *Id.* at 31 ¶¶ 12-14. The Court held that the settlement was substantially fair and reasonable under the applicable Third Circuit jurisprudence. *Id.* at 31 ¶ 10; *see also Frost v. Oil States Energy Services, LLC,* C.A. 4:15-cv-01100 (S.D. Tex. Nov. 19, 2015) ECF No. 43 (approving a class and collective action settlement involving oil and gas employees paid a salary and/or job bonuses); *Hickel, et al., v. Costy's Energy Services, LLC,* C.A. 2:15-cv-00130-MRH (W.D. PA Oct. 30, 2015) ECF No. 43 (approving a collective action settlement involving oil and gas employees alleging violations of the regular rate for purposes of calculating overtime); *Smiley, et al., v. ROC Service Company, LLC,* C.A. 2:14-cv-01539-CRE (W.D. PA Sept. 22, 2015) ECF No. 53; (approving a class and collective action settlement involving oil and gas employees paid a salary and/or job bonuses); *Andrews, et al., v. Pacific Process Systems, Inc.,* C.A. 2:14-cv-01308-CRE (W.D. PA Sept. 10, 2015) (same).

## III.    CONCLUSION

As demonstrated through this Motion, its supporting documents, the Motion for Preliminary Approval, similarly approved wage and hour settlements, Defendant's non-opposition, and the overwhelmingly positive notice response rates provided by the settlement administrator, this settlement is fair, reasonable, and should be approved by the Court, and the attached Final Approval Order should be entered.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
   **Michael A. Josephson**
   Pennsylvania Bar No. 308410
   Texas Bar No. 24014780
   **Andrew W. Dunlap**
   State Bar No. 24078444

*(Admitted Pro Hac Vice)*
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 751-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
*(Pending Pro Hac Vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

*/s/ Andrew W. Dunlap*
**Andrew W. Dunlap**