UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **MICHAEL CEURIC**, Individually and On Behalf Of All Others Similarly Situated, | § § § **DOCKET NO. 2:17-cv-01240** |
| Plaintiff, | § § |
| v. | § **JURY TRIAL DEMANDED** § § |
| **TIER ONE, LLC D/B/A TIER 1 RENTAL AND DISTRIBUTION**, | § **CLASS/COLLECTIVE ACTION** § **PURSUANT TO 29 U.S.C. §** § **216(b)/FED. R. CIV. P. 23** § |
| Defendant. | § § |

### ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEYS' FEES, AND COSTS

The Court preliminarily approved the Parties settlement on November 29, 2018. ECF No. 98. In accordance with the Order Granting Preliminary Approval of Settlement, the Settlement Class has been given notice of the terms of the Settlement. In addition, members of the Pennsylvania and Ohio Rule 23 Classes have been given the opportunity to object to the Settlement or to exclude themselves from its provisions.

With no objections, Plaintiffs now seek final approval of the Settlement. Having received and considered the Settlement, the supporting papers filed by the Parties, the application for final approval of the settlement of this class and collective action, and the evidence and argument received by the Court at the final approval hearing on February 11, 2019, the Court grants final approval of the Settlement, and HEREBY ORDERS as follows:

1. For settlement purposes only, the Court finally certifies the following FLSA Collective Action, consisting of 71 individuals:

    **Solid Control Consultants working on behalf of Tier One, LLC, d/b/a Tier 1 Rental and Distribution ("Tier One") from September**

> 24, 2014 to **June 7, 2018** who were paid a day rate as independent contractors and who have filed consents to join in the case;
>
> And further certifies the following Class as a Class Action, consisting

of 48 individuals:

> All Solid Control Consultants working on behalf of Tier One from September 24, 2014 to June 7, 2018 in the States of Ohio or Pennsylvania, who have not opted in to the FLSA Collective Action and who have not opted out of the Class Action.

2. The Settlement therefore covers, and is binding on, the foregoing class and collective action members.

3. The Court confirms the appointment of Andrew W. Dunlap of the Josephson Dunlap Law Firm and Richard J. Burch of Bruckner Burch PLLC, as Class Counsel pursuant to Rule 23(g) because they meet all of the requirements of Fed. R. Civ. P. 23(g). Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims. Class Counsel have substantial experience prosecuting and resolving employment class actions, particularly wage-and-hour class actions, and are well-versed in class action and wage-and-hour law.

4. The Court appoints Plaintiffs Michael Ceuric, Michael Carnley, and Brand Fink as the class representatives. They possess "the same interest[s] and suffer[ed] the same injur[ies] as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted).

5. The Court approved the proposed Notices. The documents were distributed pursuant to the process set out in the settlement.

6. This process provided the Class Members with the "best notice practicable under the circumstances" per the requirements of Fed. R. Civ. P. 23(c)(2)(B).

7. No Class Member filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

8. Importantly, no class members requested exclusion from the settlement.

9. For the reasons stated in the Court's Preliminary Approval Order, the Court finds and determines that the FLSA and Rule 23 Classes, as defined above, meet all of the legal requirements for collective class and class certification of a settlement class, and it is hereby ORDERED that these classes are finally APPROVED and CERTIFIED as settlement classes for purposes of settlement of this action.

10. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the class and to each Class Member.

11. The Settlement is ordered finally approved, and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

12. The Court hereby gives final approval to and ORDERS that payment of those amounts be made to the Settlement Class Members out of the Maximum Settlement Amount of $1,000,000.00 in accordance with the terms of the Settlement.

13. The Court hereby grants and approves Class Counsel's request for an award of attorneys' fees in the amount of thirty-three and one-third percent of the Maximum Settlement Amount. This award of fees, made on the basis of a percentage of the fund, is consistent with the standard in this Circuit.

14. The Court authorizes the reimbursement of expenses not to exceed $20,000.00 of Class Counsel's costs, which includes settlement administration expenses for ILYM Group, the settlement and claims administrator.

15. The Court hereby approves an enhancement award in the amount of $5,000.00 to Michael Ceuric.

16. The Court hereby approves an enhancement award in the amount of $5,000.00 to Michael Carnley.

17. The Court hereby approves an enhancement award in the amount of $5,000.00 to Brand Fink

18. Each Participating Class Members releases Defendant and the defined Releasees, only for time they worked for Defendant for any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, Pennsylvania state wage and hour laws, or Pennsylvania state common law claims (including unjust enrichment or quantum meruit), and Ohio state wage and hour laws, or Ohio state common law claims (including unjust enrichment or quantum meruit) in accordance with the respective Class Period, in any week when the individual worked for any Releasee.

19. The preclusive effect of this Settlement on any future individual wage claims by any such individuals will be determined by the court in which those claims are brought or transferred.

20. All Class Members who submitted a consent form confirmed their consent to release any and all wage and hour claims they have or may have, including claims under the FLSA, the Pennsylvania state laws, the Ohio state laws, and any other state, federal, or local law governing the payment of wages or overtime.

21. The Court makes no finding or judgment as to the validity of any claims released under the Settlement or whether Tier One is liable under the Fair Labor Standards Act or any other applicable law.

22. The Parties are hereby ORDERED to comply with the terms of the settlement, as described in ECF No. 97, Exhibit 1.

23. This action and the claims alleged in the Complaints filed in the action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the settlement.

24. Without affecting the finality of this Final Order and Final Judgment in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

IT IS SO ORDERED.

Signed on _Feb 11_, 2019.

_____
Honorable Robert C. Mitchell, U.S. District Judge
                                    Magistrate